UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
UNITED STATES OF AMERICA,        )
                                 )
          v.                     )
                                 )        CRIMINAL ACTION
CARLOS CONCEPCION,               )        No. 07-10197-WGY
                                 )
               Defendant.        )
_____)
```

YOUNG, D.J.                                    October 1, 2019

### MEMORANDUM & ORDER

The Court here considers the motion of Carlos Concepcion
("Concepcion") for resentencing under the First Step Act of
2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step
Act").  Def.'s Mot. Imposition Reduced Sentence Section 404
First Step Act ("Def.'s Mot. Reduced Sentence"), ECF No. 69.
The motion requires the Court to consider the reach of section
404 of that Act.

### I.   Prior Proceedings

In 2009, this Court sentenced Concepcion to 228 months of
incarceration followed by eight years of supervised release
pursuant to section 3553(a) of title 18 of the United States
Code.  Order, ECF No. 38.

The Court sentenced Concepcion for the offense of
possession with the intent to distribute five or more grams of

cocaine base under 21 U.S.C. § 841(a)(1).  See id.; Criminal

Compl., ECF No. 1.  In his plea, Concepcion admitted that he

sold 13.8 grams of crack cocaine, a form of cocaine base.

Change Plea Tr. 17:1-15, ECF No. 42; see DePierrre v. United

States, 564 U.S. 70, 78, 89 (2011).

The statutory term of incarceration for this offense at the

time of his sentencing was between a mandatory five years and

forty years.  21 U.S.C. § 841(b)(1)(B)(iii) (2009) (amended

2010); see also Def.'s Mot. Reduced Sentence 3; Govt.'s Resp.

Def.'s Mot. Relief First Step Act ("Govt.'s Resp.") 2, ECF No.

78.  The statutory term of incarceration for this offense when

the defendant had a prior felony drug conviction, as Concepcion

did, was from a mandatory minimum of ten years to life.  21

U.S.C. §§ 841(b)(1)(B), 851; see also Def.'s Mot. Reduced

Sentence 3; Govt.'s Resp. 2.

Concepcion's designation as a career offender under the

Sentencing Guidelines further impacted his sentence.  See

Concepcion PSR 6; Concepcion Sentencing Tr. 8:7-11, 14:11-14,

ECF No. 43.  A defendant is a career offender under the

Sentencing Guidelines if (1) he "was at least eighteen years old

at the time [he] committed the . . . offense of conviction," (2)

the "offense of conviction is a felony that is either a crime of

violence or a controlled substance offense," and (3) he "has at

least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

At the time that this Court sentenced him, Concepcion had prior convictions for, among other offenses, a qualifying drug offense, armed robbery, armed carjacking, and assault and battery with a dangerous weapon. Concepcion PSR 12-13. These prior convictions designated him as a career offender. See id. at 16; Concepcion Sentencing Tr. 8:7-11, 14:11-14. The applicable guideline range for a career offender whose offense of conviction has a maximum sentence of life, which Concepcion's did in 2009, is 262 to 327 months. See Concepcion Sentencing Tr. 22:13-25; Def.'s Mot. Reduced Sentence 2; Govt.'s Resp. 1, 4, 7.

## II. Application of the Fair Sentencing Act

Today, after the passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), the maximum sentence for Concepcion's base offense with a prior felony drug conviction is thirty years. See 21 U.S.C. §§ 841(b)(1)(C), 851.

The applicable guideline range for a career offender whose offense of conviction has a maximum sentence of thirty years is 188 to 235 months. See U.S.S.G. § 4B1.1(a); Def.'s Mot. Reduced Sentence 7; Govt.'s Resp. 6. This range still encompasses Concepcion's 2009 228-month sentence. If, however, due to intervening developments and jurisprudence, Concepcion is no

longer a career offender, his guideline range today would be significantly lower, no longer encompassing his 228-month sentence.  See Counseled Reply Govt.'s Opp'n Pro Se Mot. Relief First Step Act, Request Hearing ("Reply") 8, ECF No. 82.

## III. Analysis

Concepcion argues that, given the relationship of the sentence imposed to the original and now revised sentencing guidelines, proportionality and fairness warrant resentencing. Def.'s Mot. Reduced Sentence 7.  He also proffers a somewhat convoluted argument that, after Amendment 798 to the Sentencing Guidelines, he is no longer a career offender and should be resentenced on that basis.  See Reply 7-8, ECF No. 82.  The Court addresses these issues in order.

### A.   Section 404 of the First Step Act

Section 404 of the First Step Act ("Section 404") states that a district court that sentenced a defendant for a crime whose statutory penalties the Fair Sentencing Act modified "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  First Step Act § 404(b).  The First Step Act further specifies that nothing in Section 404 "shall be construed to require a court to reduce any sentence." Id. § 404(c).

The Government agrees that "[b]ecause the Fair Sentencing Act reduces Concepcion's mandatory penalties and his guideline range, this Court may consider whether to reduce his sentence." Govt.'s Resp. 4.

The Government emphasizes, however, that Concepcion's 2009 sentence is still within the authorized range after the passage of the Fair Sentencing Act. Id. at 6-8. This logic persuades the Court. If Concepcion came before the Court today and the Court considered only the changes in law that the Fair Sentencing Act enacted, his sentence would be the same.

**B.   Proportionality**

At the time of his sentencing, Concepcion's sentence was almost three years below the floor of the then-applicable guideline range. See Def.'s Mot. Reduced Sent. 2; see also Govt.'s Resp. 1. Today, his 228-month sentence approaches the top of the applicable guideline range (if he remains a career offender). Concepcion argues that, at a minimum, he ought be resentenced so that his sentence bears the same proportional relationship to the present guidelines framework as it did when he was sentenced. Def.'s Mot. Reduced Sent. 6-7; Reply 6-7.

This Court disagrees. Concepcion's original sentence was carefully crafted to apply the factors in section 3553(a) of title 18 of the United States Code. The Court fully explained the reasons for the sentence at the time it imposed. To

grope for some sort of "proportionality" to mere guidelines is to exalt their importance beyond the influence they actually played at the time of sentencing. In this Court, the statutory factors and the nuanced, fact- and case-specific arguments of counsel are, and have been since United States v. Booker, 543 U.S. 220 (2005), the major determinants of a criminal sentence. Today, the Sentencing Guidelines are precisely that -- guidelines. United States v. West, 552 F. Supp. 2d 74, 79 (D. Mass. 2008). Even then, the Court routinely consults the available databases of sentences actually imposed for like crimes better to determine the weight to be attributed to the sentencing guidelines. The sentence imposed on Concepcion was fair and just. It remains so today.

### C.   Amendment 798

Concepcion seems also to argue that the Court should resentence him to consider the Sentencing Commission's changes to the career offender guideline in Amendment 798. Reply 7-8; see generally U.S.S.G. §§ 4B1.1-4B1.2; United States Sentencing Comm'n, United States Sentencing Manual Suppl. App. C, Amend. 798, at 118-24 (Nov. 1, 2018) ("Amendment 798").

To the extent that Concepcion requests that the Court resentence him under the First Step Act to consider Amendment 798, his entreaty is unavailing as Section 404 does not authorize such relief.

To begin with, when it applies, Section 404 does not authorize a plenary resentencing. This Court understands section 3582(c)(1)(B) of title 18 of the United States Code to provide the basis for relief pursuant to Section 404. See United States v. Martinez, No. 04-cr-48-20-JSR, 2019 U.S. Dist. LEXIS 98220, at *9-10 (S.D.N.Y. June 10, 2019) (concluding that 3582(c)(1)(B) provides authority for motions under First Step Act as that section applies when a statute lowers an applicable sentencing range). Section 3582(c)(1)(B) specifies that a court may not resentence a defendant for any reason except "to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see also United States v. Holmes, No. 02-24, 2019 U.S. Dist. LEXIS 139324, *16-17 (D.D.C. Aug. 17, 2019) ("Section 404(b) permits an adjustment to an otherwise final sentence only as expressly authorized . . . and does not entitle a defendant to a plenary resentencing hearing."). But see United States v. Payton, No. 07-20498-1,3 2019 U.S. Dist. LEXIS 110292, at *10-11 (E.D. Mich. July 2, 2019) (declining to "turn a blind eye to the changes in the law and Guidelines which have gone into effect since 2008" when resentencing under Section 404).

The First Circuit has not addressed whether a court facing a motion under Section 404 may consider any intervening changes

in the law other than those made by the Fair Sentencing Act.

The Fifth Circuit, however, has analyzed this issue as follows:

> It is clear that the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed. The calculations that had earlier been made under the Sentencing Guidelines are adjusted "as if" the lower drug offense sentences were in effect at the time of the commission of the offense. That is the only explicit basis stated for a change in sentencing. In statutory construction, the expression of one thing generally excludes another. The express back-dating only of Sections 2 and 3 of the Fair Sentencing Act of 2010 -- saying the new sentence will be conducted "as if" those two sections were in effect "at the time the covered offense was committed" -- supports [the conclusion] that Congress did not intend that other changes were to be made as if they too were in effect at the time of the offense.

United States v. Hegwood, 934 F.3d 414, 418 (5th Cir. 2019)

(citation omitted), petition for cert. filed, No. 19-5743

(U.S. Aug. 28, 2019). The Fifth Circuit went on to

summarize its holding with respect to the reach of

resentencing under Section 404:

> The mechanics of the First Step Act sentencing are these. The district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act.

Id.

Amendment 798's changes go beyond the scope that the First

Step Act "expressly permit[s]" a court to consider when imposing

a reduced sentence pursuant to Section 404. Section 404

references the Fair Sentencing Act. First Step Act § 404(b).

[8]

The Fair Sentencing Act, of course, addresses the disparity in sentencing between crack and powder cocaine offenses.  See Dorsey v. United States, 567 U.S. 260, 264 (2012).  Amendment 798 derives from an entirely different source.  It constitutes the Sentencing Commission's response to the void-for-vagueness jurisprudence of the Supreme Court expressed in Johnson v. United States, 135 S. Ct. 2551, 2557-61 (2015), but declared inapplicable to the Sentencing Guidelines in Beckles v. United States, 137 S. Ct. 886, 894-95 (2017).  It is thus not clear that Amendment 798's changes are a permissible ground for resentencing under the First Step Act.

Concepcion fares no better if the Court construes his Amendment 798 argument as requesting independent relief under section 3582(c)(2) of title 18 of the United States Code. Section 3582(c)(2) provides that a court may modify a final term of imprisonment when the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  While Amendment 798 may have lowered Concepcion's sentencing range, modifying his sentence on this basis would not be "consistent with applicable policy statements" because the Sentencing Commission did not make Amendment 798's changes retroactive.  See U.S.S.G.

§ 1B1.10(b)(1) (2009) (directing court on section 3582(c)(2) motion to determine the "amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced"); id. § 1B1.10(d) (omitting Amendment 798 from list of retroactive guideline amendments in subsection (d)); Dillon v. United States, 560 U.S. 817, 821 (2010) (recognizing that a motion under section 3582(c)(2) authorizes a court to reduce a defendant's term of imprisonment "[w]hen the Commission makes a Guidelines amendment retroactive"); United States v. Godin, 522 F.3d 133, 135 (1st Cir. 2008) (per curiam) ("The Sentencing Commission's decision not to make the amendment retroactive means the defendant is not entitled, under the procedure set forth in 18 U.S.C. § 3582(c)(2), to further proceedings in which the district court . . . may choose to adjust the sentence employing the more lenient amendment to calculate the guideline range.").

The First Circuit retains the discretionary authority to remand a case for resentencing based on non-retroactive amendments to the Sentencing Guidelines in a narrow sub-set of cases. See United States v. Frates, 896 F.3d 93, 100-03 (1st Cir. 2018) (summarizing "Godin/Ahrendt Doctrine" permitting remand to district court to resentence defendant based on Sentencing Commission's subsequent non-retroactive amendments to

Sentencing Guidelines) (citing <u>United States</u> v. <u>Ahrendt</u>, 560 F.3d 69, 78-80 (1st Cir. 2009); <u>Godin</u>, 522 F.3d at 134-36). These cases suggest that remand is appropriate when (1) the Sentencing Commission adopts substantive, non-retroactive (2) that is adopted before the defendant's sentence becomes final on appeal, and (3) the amendment would have lowered the defendant's guideline range if it had been in effect at the initial sentencing. <u>See</u> <u>Frates</u>, 896 F.3d at 102.

Even taking the First Circuit's description of its own authority to remand as a suggestion that district courts may independently consider resentencing in such circumstances, this doctrine does not apply here for two reasons. First, Concepcion's sentence has already become final on appeal. ECF No. 45. The First Step Act authorizes a resentencing for defendants whose sentences would be different after the Fair Sentencing Act but does not render sentences non-final for other reasons. Second, this doctrine ordinarily does not apply if resentencing would be complex, as it would in this case without ready access to the charging documents.[1] <u>See</u> <u>Frates</u>, 896 F.3d at 101-02.

---

[1] To determine whether Amendment 798 would reduce Concepcion's sentence, this Court would need determine whether any of his prior offenses constitute predicate offenses for the career offender designation today. <u>See</u> U.S.S.G. § 4B1.2(a). This would require determining whether, in 1997, Concepcion was convicted of an intentional form of the Massachusetts offenses

Thus this Court declines to consider Amendment 798 to

the Sentencing Guidelines on the defendant's motion under

---

of armed carjacking, armed robbery, or assault and battery with a dangerous weapon. See Concepcion PSR 13; United States v. Starks, 861 F.3d 306, 324 (1st Cir. 2017) (Massachusetts armed robbery is not categorically a violent felony under the Armed Career Criminal Act); United States v. Windley, 864 F.3d 36, 39 (1st Cir. 2017) (per curiam) (reckless form of Massachusetts assault and battery with a dangerous weapon is not a violent felony under the Armed Career Criminal Act); United States v. Tavares, 843 F.3d 1, 13 (1st Cir. 2016) (Massachusetts assault and battery with a dangerous weapon is a divisible offense for purposes of the career offender guideline's crime of violence standard); United States v. Willings, 588 F.3d 56, 58 n.2 (1st Cir. 2009) (decisions construing the phrase "violent felony" in the Armed Career Criminal Act "inform the construction" of the phrase "crime of violence" in the career offender guideline); Beazer v. United States, 360 F. Supp. 3d 1, 16 (D. Mass. 2019) (Massachusetts carjacking is not categorically a violent felony under the Armed Career Criminal Act).

To conduct this inquiry, the Court would "need to look at Shepard documents to identify the specific offenses for which [he] was convicted and determine if those satisfy the definition. This process would also require identifying and tracking down Shepard documents . . . , analyzing those documents to ascertain [his] specific offenses of conviction, and deciding whether those offenses qualify as crimes of violence." United States v. Wurie, 867 F.3d 28, 36-37, 36 n.8 (1st Cir. 2017) (ruling that despite elimination of the residual clause in the career offender guideline, it was "not prudent to remand [the] case for resentencing" as there was still "a significant possibility that [the defendant] would be subject to the career offender enhancement under the force clause" for his Massachusetts convictions of "resisting arrest, larceny from the person, ABDW, and assault and battery on a policy officer," the "remand [would] potentially lead to a time-consuming process, and sentencing courts are not mandated to take into consideration non-retroactive substantive amendments to the Guidelines"); see also Shepard v. United States, 544 U.S. 13, 16 (2005) (Shepard documents to consider when evaluating sentence under the Armed Career Criminal Act include charging documents, plea agreements, plea colloquy transcripts, and trial judge's explicit factual findings "to which the defendant assented").

section 404 of the First Step Act and section 3582(c)(2) of title 18 of the United States Code.

## IV. Conclusion

For these reasons the Court DENIES Concepcion's motion for resentencing under the First Step Act, ECF No. 69.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE
